## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY BURDEN,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03274<br>SEC P |
| VERSUS | JUDGE DRELL |
| SHERIFFS OFFICE CONCORDIA PARISH ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 9) filed by *pro se* Plaintiff Jeremy Burden ("Burden"). Burden claims that he was wrongfully arrested for failing to register as a sex offender. ECF No. 1.

Because the Complaint is untimely, it should be DENIED and DISMISSED.

## I. Background

Burden alleges that he was "required to report as a sex offender in Concordia Parish." ECF No. 1 at 3. However, in February 2020, Burden was arrested by the Concordia Parish Sheriff's Department for failing to register. *Id.* Burden alleges that his arrest was unlawful because he had never been provided with a date by which to register. *Id.* As a result of his arrest, Burden spent four days in jail until he was able to post bond and obtain release. *Id.*

## II. Law and Analysis

### A. Burden's Complaint is subject to screening under 28 U.S.C. § 1915(e).

Burden has been allowed to proceed *in forma pauperis*. ECF No. 10. Therefore, his Complaint is subject to screening under § 1915(e)(2)(B), which provides for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Morton v. Salvation Army, Hinds County*, 2021 WL 3602093, at *2 (S.D. Miss. 2021); *Walters v. Scott*, 2014 WL 5575494 at *2 (S.D. Tex. 2014).

### B. Burden's Complaint is frivolous.

A complaint is frivolous if it is clearly barred by the applicable statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *see also Rich v. Thomas*, 2000 WL 960064, at *1 (5th Cir. 2000); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitations period *sua sponte*. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See*

*Wilson v. Garcia*, 471 U.S. 261, 279–280 (1984). In Louisiana, there is a one-year prescriptive period for general tort actions. *See* La. C.C. art. 3492.

Federal law determines the date Louisiana's one-year prescriptive period commences. *See Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (citing *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981); *Hawthorne v. Bell*, 2021 WL 2932660, at *2 (W.D. La. 2021). A plaintiff need not realize that a legal cause of action exists, but must only be aware of the facts that would support his claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Generally, the statute of limitations for a § 1983 claim seeking damages for a false arrest begins to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384 (2007). Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause is made at the time that the warrant is issued and his is immediately detained pursuant to legal process. *See* La. C.Cr.P. art. 202. People arrested without a warrant are entitled to a probable cause determination by a magistrate within 48 hours of their arrest. La. C.Cr.P. art. 230.2.

Presumably, and in the absence of any allegations to the contrary, Burden was either arrested on a warrant or otherwise afforded a probable cause determination.

3

Burden states that he was arrested in February 2020 and was released on bond four days later. Therefore, Burden's false arrest claim accrued in February 2020. And Burden knew of the facts supporting his § 1983 claim—his arrest—at the time he was arrested. He then had one year within which to file his civil rights complaint for false arrest. Burden's Complaint was filed on August 19, 2021, well after the expiration of the one-year limitations period.

### III. Conclusion

Because Burden's claim is untimely, IT IS RECOMMENDED that the Complaint (ECF No. 9) be DENIED and DISMISSED under § 1915(e)(2)(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 16, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE